UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GABRIEL CLARK-AIGNER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>J. COX, et al., )<br>Defendants. ) | 2:09-cv-0161-WTL-DML |

**Entry Discussing Defendants' Motion for Summary Judgment**

**I. Background**

For the reasons explained in this Entry, the defendants' motion for summary judgment (dkt 47) must be **granted.**

At all relevant times, the plaintiff in this civil rights action, Gabriel Clark-Aigner ("Clark-Aigner"), was an inmate confined at the United States Penitentiary at Terre Haute, Indiana, a prison operated by the Bureau of Prisons ("BOP"). The defendants are Correctional Officers Micah Hayes ("Hayes") and Jamie Cox ("Cox"). The complaint is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Clark-Aigner alleges that the defendants were deliberately indifferent to his safety when they failed to protect him during a fight in the prison recreation yard.

**II. Discussion**

**A. Summary Judgment Standard**

"As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **FED.R.CIV.P.** Rule 56(c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney,* 526 F.3d at 1104 (internal citations omitted). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Id.* (quotation omitted).

Because Clark-Aigner is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) and by Local Rule 56.1 was issued. Through this notice, Clark-Aigner was notified of the nature of the defendants' motion, of the proper manner in which to respond and of the consequences of failing to respond. He has responded with a supporting brief and a sworn declaration.

### B. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the following facts are undisputed for purposes of the defendants' motion for summary judgment:

On April 24, 2008, at approximately 10:30 a.m., the tower officer advised Hayes and Cox, among others, by radio that a group of inmates were arguing in the recreation yard of the USP Terre Haute. Hayes and Cox responded to the call and went to the recreation yard.

Two gang members stood at the gate entrance to the recreation yard waiting for officers to come so they could go to the Lieutenant's office. When the gang members saw the defendant officers approaching the gate, the gang members asked the officers, before they entered the yard, to escort them to the Lieutenant's office. Officers Hayes and Cox refused to escort them.

Hayes and Cox approached the group of inmates and asked them if there was a problem. They responded that there was not. Hayes and Cox then asked the two gang members to step out of the yard. The inmates refused to leave the yard and instead pulled out concealed homemade weapons. Other inmates then also pulled out concealed weapons. The officers ordered the inmates to drop their weapons, but they refused. Cox called for assistance.

Hayes took control of the inmate closest to him and placed him against the fence. Cox took control of the inmate closest to him and placed him on the fence, however, other inmates jumped on Cox and began stabbing the inmate he had placed on the fence. Additional staff members arrived and placed all of the inmates in restraints.

2

Clark-Aigner was one of the inmates present on the recreation yard. When the other inmates revealed their weapons, Clark-Aigner attempted to run away from the area. He tripped and fell to the ground. Before he could get up, and before any inmates were restrained, the two gang members caught up with him and stabbed him more than once. Clark-Aigner kicked at the hands of his attackers to prevent him from being stabbed more than he was. Other inmates then came to Clark-Aigner's assistance. Clark-Aigner sustained "several superficial wounds." Clark-Aigner was later cited in an incident report for his involvement in the fight.

Neither Hayes nor Cox had authority to decide and did not decide on April 24, 2008, which inmates were placed in general population in the USP Terre Haute and which inmates were not. Moreover, neither Hayes nor Cox decided on April 24, 2008, which inmates were permitted to be on the recreation yard. Neither Hayes nor Cox were investigated or disciplined for the way he responded to the radio call for assistance on April 24, 2008.

### C. Analysis

The Eighth Amendment imposes a duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal quotation omitted). This duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation omitted). In this context, a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. "Deliberate indifference" requires a showing of the official's subjective awareness of the risk. *Id.* at 829. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. *See also Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006). To defeat a summary judgment motion, the non-moving party must come forward with evidence sufficient to create a genuine issue of fact that each defendant had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Lewis v Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (internal quotation omitted).

Clark-Aigner alleges that staff were aware or should have been aware that the two known active prison gang members (New Mexico syndicate) who were involved in this incident were not suitable for this recreation area. The undisputed evidence, however, shows that neither Hayes nor Cox were responsible for determining which inmates were allowed on the recreation yard at any particular time.

Clark-Aigner states that when the officers refused to escort the two gang members to the Lieutenant's office, the officers stepped onto the recreation yard, slammed the gate closed and stated, "You guys aren't going anywhere. What seems to be the problem, and why can't you guys just get along?" He argues that the officers should have told the

gangmembers to leave the yard, rather than closing the gate.[1]

Clark-Aigner also argues that instead of telling the two gang members to leave the yard, the officers should have put those inmates on the fence, searched them, cuffed them and taken them to the Lieutenant's office. He contends that by failing to respond in this manner, the officers did not handle the situation properly. Clark-Aigner believes that by refusing to honor the inmates' request to be taken to see a higher ranking officer, they further provoked a situated they knew was already hostile. To the extent that Clark-Aigner merely asserts that the officers "should have known" that the arguments would erupt into violence or that the officers "should have" acted differently, he has missed the mark of showing that the defendants had actual knowledge that inmates faced a substantial risk of serious harm. *See Steidl v. Gramley*, 151 F.3d 739, 740 (7th Cir. 1998) (alleging that defendants should have known of a danger did not state a claim under the Eighth Amendment). To play a game of "what ifs" is not appropriate in determining liability. If it were, then the officers could attempt to place blame on Clark-Aigner for having fallen, arguing that if not for that circumstance, Clark-Aigner could have avoided the grasp of the aggressive inmates.

When the officers entered the yard, they did not know that any of the inmates had weapons or that the attacks would occur. The officers were presented with a group of inmates who were merely arguing. Prisoners do not have the luxury of dictating to officers what steps *they* wish to have taken, *i.e.,* the officers had no obligation to take the two inmates to a higher ranking officer simply because that was what the prisoners demanded. Clark-Aigner has only his opinion to offer that *if* the officers had complied with the prisoners' demands, there would have been no violence. That is not sufficient to defeat the motion for summary judgment. It is axiomatic that prison inmates must obey all orders given by corrections officers, not vice versa. Had the inmates followed the officers' orders, no attacks with the weapons could have occurred. It would be nonsensical to find that the inmates' failure to comply with direct orders was the fault of the officers. And it certainly does not follow that the officers were deliberately indifferent under these circumstances.

Upon arriving on the scene, the officers asked if there was a problem. This was a reasonable initial inquiry upon the officers' arrival on the scene. The inmates responded, "no." The officers asked the two inmates to step off the yard. This was a sensible attempt to remove from the scene the inmates who appeared to be most disruptive. The two inmates refused and instead drew weapons. Once the weapons were drawn, the officers ordered the inmates to drop the weapons. It hardly needs to be said that this was a prudent response. Again, the inmates refused. The officers called for more assistance. This was wise, given the fact that the inmates outnumbered the officers. The officers then began attempting to physically restrain the inmates. This was commendable, even though attempting to restrain any of the inmates at that time put the officers' own safety at risk.

---

[1]This contention is unclear, given the fact that the officers *did* order the two gang members to step off the yard.

4

To be clear, the test is *not* whether all harm was prevented. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) ("Of course, an official's response may be reasonable even if it fails to avert the harm."). "Prisons, after all, are dangerous places often full of people who have demonstrated aggression." *Id.* Rather, as noted, the test is whether the officers acted in a reasonable manner under the circumstances. As the preceding discussion demonstrates, Clark-Aigner has not presented sufficient evidence to create a genuine issue that the officers acted unreasonably.

"[A] prison official does not violate the Eighth Amendment every time an inmate gets attacked by another inmate." *Dale*, 548 F.3d at 569. Here, there is no evidence that the defendants were aware of facts from which they could draw an inference of substantial harm, nor did they actually draw that inference. They attempted to diffuse the situation by talking first, and giving direct orders that should have been followed. They did not ignore the situation. They took logical and reasonable steps given what they knew at the time. Clark-Aigner has not even shown that the officers were negligent, but even if he had, deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007).[2] Accordingly, the defendants are entitled to summary judgment.

### III. Conclusion

Judgment as a matter of law is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). That is the case here. Clark-Aigner has not identified a genuine issue of material fact as to his claim of deliberate indifference, and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment (dkt 47) must be **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/20/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[2]In addition, there is no evidence of the severity of Clark-Aigner's injuries. He describes them as "superficial," which appears to fall short of the required level of "serious harm." *Farmer*, 511 U.S. at 847.